**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2009

No. 07-70011

Charles R. Fulbruge III
Clerk

DANIELLE SIMPSON

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-485

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Danielle Simpson was convicted by a Texas jury and sentenced to death for the capital murder of Geraldine Davidson in 2000. His conviction and sentence were affirmed on direct appeal, and the Supreme Court denied certiorari. *Simpson v. State*, 119 S.W.3d 262 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004). After exhausting his state habeas remedies, Simpson sought federal habeas relief. The district court granted a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability for Simpson's claim that the district court erred by denying him an evidentiary hearing on his claim that he is mentally retarded and thus ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). Simpson requested from this court an expansion of the COA for three additional claims.

On August 29, 2008, we remanded the case to the district court for an evidentiary hearing on Simpson's *Atkins* claim, and held in abeyance our consideration of Simpson's request for an expansion of the COA. On remand, the district court conducted an evidentiary hearing and found that Simpson is not mentally retarded. The case was re-submitted to this court on February 3, 2009.

On March 9, 2009, Simpson filed a motion to remand for a hearing, in accordance with *Mata v. Johnson*, 210 F.3d 324 (5th Cir. 2000), on his request to waive habeas review and proceed with execution. In the motion, Simpson's court-appointed counsel stated that while Simpson's intellectual capabilities are limited, he understands that if he waives his appeal he will soon be executed. Counsel expressed a belief that Simpson is competent, although mentally retarded. Counsel stated that, given that Simpson has spent eight years confined in a small cell, his request to be executed is not unreasonable. In a handwritten statement attached to the motion, Simpson explained his reasons for wanting to drop his appeal:

> I'm tired of being in a institution that's unjust,
> degrading, and corrupted – whereas on the other hand,
> I'm tired of struggling to survive in a system that's
> highly injustices. "I'm ready to die"!! If I can't be free
> – "Kill Me".!!

On April 10, 2009, we granted Simpson's motion and remanded the case to the district court for the limited purpose of conducting an evidentiary hearing in accordance with *Mata*, to determine whether Simpson is competent to waive federal habeas review and whether his decision to do so is knowing and voluntary.

On remand, the district court ordered an evaluation of Simpson by an expert mutually agreed on by counsel, and conducted an evidentiary hearing. After considering Simpson's testimony at the hearing, as well as the report and testimony of the expert, the district court found:

> [T]here is no evidence that [Simpson] is suffering from a mental disease, disorder, or defect. [Simpson] has the capacity to appreciate, and in fact does appreciate and understand, his current legal position and the options available to him. He is able to make a rational choice among these options. The court finds that Danielle Simpson is mentally competent to waive further habeas review and that his desire to forego further litigation is knowing and voluntary.

On July 6, Simpson's counsel filed with this court a notice that Simpson intended to continue with his appeal. Counsel moved to withdraw, and for the appointment of new counsel to represent Simpson. We requested that the State respond to the motion to withdraw.

On July 9, prior to receipt of the State's response to the motion to withdraw, Simpson's counsel contacted the Clerk's Office and advised that counsel had received a letter from Simpson saying that he was confused when he said that he wanted to continue his appeal and that, in fact, he wanted to drop all challenges to his execution.

On July 22, Simpson filed a supplemental request to waive habeas review and proceed with execution. He requested leave to withdraw his notice of intention to continue appeal, and his counsel requested leave to withdraw their motion to withdraw as counsel. Simpson's counsel states that he believes that Simpson's desire to waive his appeal is sincere and carefully considered, and that his earlier notice of intention to continue with the appeal was the result of misunderstandings and miscommunication. Attached to the July 22 request is

a statement by Simpson, in which he states, in his own handwriting, his desire to proceed with execution and forego habeas review:

> I'm tired of being imprisoned in a system that's devaluated, and struggling to survive under the cruel and unusual punishments of an unjust institution better know [*sic*] as Texas death row here on the Polunsky unit in Livingston Texas. I want to drop my appeals because, I don't have "<u>no</u>" family support, care, nor communications coming from my mother or sisters, etc. . . . and providing that all my support comes from overseas friends, I greatly appreciate the unconditional love and support they've provided to me over the years. Meanwhile, being locked up in a [*sic*] isolated solitary cell of confinement 23/ and 24 hours per day isn't justice nor is it considered living – its cruel and unjust, therefore I'm really looking forward to my execution because its just "me against the world". . . .

The district court, having conducted a hearing and considered the opinion of an expert, has found that Simpson is competent to waive further habeas review and that his decision to do so is knowing and voluntary. Based on those findings, as well as counsel's representations and Simpson's own statement, we conclude that Simpson, being competent to do so, has knowingly and voluntarily waived further habeas review. Accordingly, Simpson's motion to dismiss his appeal is

GRANTED.